UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Brandon Nardoianni,

    Plaintiff,

v.

Healthcare Revenue Recovery Group, LLC,

    Defendant.

_____/

CASE NO:_____

**COMPLAINT**

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**PARTIES**

2. Plaintiff, Brandon Nardoianni ("Mr. Nardoianni"), is a natural person who resided in Norfolk, Virginia at all times relevant to this action.

3. Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG" or "Defendant"), is a Florida limited liability company whose principal place of business is 1643 North Harrison Parkway, Building H, Suite 100, in Sunrise, Florida.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. HRRG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. The principal source of HRRG's revenue is debt collection.

9. HRRG regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10. Before HRRG began contacting Mr. Nardoianni, Mr. Nardoianni had no prior business relationship with HRRG.

11. Mr. Nardoianni never provided HRRG with express consent to contact him on his cellular telephone.

12. In or about February 2016, HRRG began calling Mr. Nardoianni in order to collect a financial debt that Mr. Nardoianni allegedly owed relating to an emergency room visit.

13. This alleged obligation was incurred primarily for personal, family, or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Mr. Nardoianni is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Shortly after the calls began, Mr. Nardoianni notified HRRG that Mr. Nardoianni's insurance was responsible for the subject account and that he did not owe the account.

16. Ignoring Mr. Nardoianni's dispute of the debt, HRRG told Mr. Nardoianni that he had to pay the account, and if he didn't the account would go into legal collections.

17. Mr. Nardoianni understood this to mean that HRRG would take legal action if he did not pay the debt, regardless of whether Mr. Nardoianni was responsible for the account.

18. Mr. Nardoianni communicated to HRRG that he had been laid off and could not afford to pay the full balance as stated by HRRG.

19. Nevertheless, concerned with the specter of HRRG initiating legal collections against him, and aware that it could take months to sort out the issue with the insurance company, Mr. Nardoianni asked if he could settle the account for 50% of the balance.

20. HRRG laughed at Mr. Nardoianni's attempt to try to work out a settlement to resolve the account, and told Mr. Nardoianni that he needed to pay the account in full otherwise collection efforts on the account would continue.

21. Thereafter, on multiple occasions, Mr. Nardoianni communicated his desire that HRRG cease calling him.

22. Despite these communications, HRRG continued to call Mr. Nardoianni on his cellular phone in connection with the collection of a debt.

23. On more than one occasion, Mr. Nardoianni reiterated the fact that he did not owe the subject account, and repeated his request that HRRG stop calling him.

24. On at least one occasion, when Mr. Nardoianni asked HRRG to validate the account by sending him something in writing, HRRG hung up on Mr. Nardoianni.

25. During one telephone conversation, after HRRG informed Mr. Nardoianni that HRRG was recording the call, Mr. Nardoianni told HRRG that he was recording the call as well. HRRG improperly told Mr. Nardoianni that he could not record the conversation.

26. HRRG would call Mr. Nardoianni multiple times per day.

27. HRRG's policies and procedures violate the FDCPA.

28. HRRG's collection efforts, including but not limited to its telephone calls, caused Mr. Nardoianni emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

29. HRRG's collection efforts also intruded upon Mr. Nardoianni's privacy.

30. In addition, each time HRRG placed a telephone call to Mr. Nardoianni, HRRG occupied Mr. Nardoianni's telephone number such that Mr. Nardoianni was unable to receive other phone calls at that telephone number while HRRG was calling him.

31. HRRG's telephone calls also forced Mr. Nardoianni to lose time by having to tend to HRRG's unwanted calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 2 through 31 above as if fully set forth herein.

33. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

34. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT TWO

### Violations of the Florida Consumer Collection Practices Act

35. Plaintiff re-alleges and incorporates by reference Paragraphs 2 through 31 above as if fully set forth herein.

36. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

37. Plaintiff is a "consumer" as defined by the FCCPA, and a person for whom the act was intended to protect.  FCCPA, Fla. Stat. § 559.55(8).

38. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

39. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

## COUNT THREE

### Violation of the Telephone Consumer Protection Act

40. Plaintiff re-alleges and incorporates by reference Paragraphs 2 through 31 above as if fully set forth herein.

41. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

42. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

43. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

44. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

45. The TCPA provides, in part:

    (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

    (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

    * * *

    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

    47 U.S.C. §§ 227(b)(1)(A)(iii).

46. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

47. Plaintiff was the "called party" in each telephone call that Defendant placed to Plaintiff's cellular telephone.

48. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

49. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

50. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

51. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

52. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

53. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

54. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

56. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone numbers pursuant to 47 U.S.C. § 227(b)(3).

   d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: March 8, 2017

By: /s/ Sharina T. Romano
Sharina T. Romano
Florida Bar No.: 65501

HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 904.853.3050
(F) 312.361.3509
(E) sharina@fairdebt411.com

*Counsel for Plaintiff*